# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE MITCHELL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00449-KOB-TMP |
| | ) | |
| BUD TURNER, Judge, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on July 21, 2017, recommending that the court dismiss this action without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b).   (Doc. 16).   The court received the plaintiff's objections on August 3, 2017.   (Doc. 17).

The plaintiff filed this action because he believes he was unfairly and unconstitutionally prosecuted in state court.   (Doc. 1).   In response to the report and recommendation of the magistrate judge, the plaintiff asserts by way of objections that this court should (1) remove defendants Judge Bud Turner, District Attorney Brian McVeigh, and Assistant District Attorney Sheila Field from office; (2) instruct the state court how to rule; (3) enforce the arbitration clause in the contract between the plaintiff and the state court victim; (4) recognize that he was maliciously prosecuted in state court; and (5) take jurisdiction of the state court

criminal action.  (Doc. 17 at 4-10).  This court lacks jurisdiction to provide any of the requested relief.

The plaintiff first asserts that the court has the "jurisdiction and duty" to remove defendants Judge Turner, District Attorney McVeigh, and Assistant District Attorney Field.  (Doc. 17 at 4).  Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  This court has no authority to remove the named elected state-court officials from office.  Rather, in Alabama, the removal of judges must be initiated by the Alabama Judicial Inquiry Commission.  *See e.g., Moore v. Judicial Inquiry Com'n of State of Ala.*, 891 So.2d 848, 854 (Ala. 2004).  Attorneys, including District Attorneys and their staffs, are governed by the Alabama Rules of Professional Conduct, as administered through the disciplinary processes of the Alabama State Bar.  *See e.g., Ex parte Lawhorn*, 581 So.2d 1179, 1181 (Ala. 1991) (citing *Brooks v. Alabama State Bar*, 574 So. 2d 33 (Ala. 1990)).  This court is not the forum for challenging their professional conduct.

Moreover, both state-court judges and district attorneys are wholly immune from actions under 42 U.S.C. § 1983 that challenge the rulings of judges or the

prosecutorial decisions made by district attorneys and their staffs.[1]  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 362 (1978) (judges' immunity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (prosecutors' immunity).  The plaintiff is entitled to no relief on his claim that this court has the jurisdiction and the duty to remove these individuals from office.

Another such limitation on jurisdiction is that this court may not review state court judgments.  That authority resides solely in the United States Supreme Court. *See* 28 U.S.C. § 1257[2]; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Section 1983 does not provide an alternative vehicle to obtain federal review of a state-court criminal judgment.  *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1989).  The *Rooker-Feldman* doctrine applies in cases precisely like this one, where the only means by which the plaintiff may prevail would require this court to determine that the state court wrongly decided the issues before it.  Federal district courts have no jurisdiction to enter "a holding that the state court was wrong."  *Bell v. Sykes*, ___

---

[1] As the magistrate judge pointed out, the proper legal process of challenging the validity of a state-court criminal judgment is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, after exhausting all available remedies in the state courts.  This is not such a petition.

[2] 28 U.S.C. § 1257 provides in relevant part that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari" if they involve an issue of federal law.  28 U.S.C. § 1257(a).

Fed.App'x ___, 2017 WL 957185, * 1 (11th Cir. Mar. 13, 2017) (citing *Alvarez v. Att'y Gen.,* 679 F.3d 1257, 1262 (11th Cir. 2012).

The plaintiff seeks to have this court both rule that his state court prosecution was wrongful and instruct the state court on how it should rule.  (Doc. 17 at 5-6). Such relief is squarely within that prohibited by the *Rooker-Feldman* doctrine and various other limitations on federal court jurisdiction.  The fact that the plaintiff believes his state court prosecution is malicious or unlawful does not provide a basis for a federal district court to inquire into the merits of the state-court actions.  *See e.g., Uboh v. Reno*, 141 F.3d 1000, 1006 (11th Cir. 1986).  The plaintiff's assertion that the abstention doctrine does not bar this court's "authority over public officials who violate the people's rights under the constitution and laws of the United States" (doc. 17 at 5) does not change this analysis.  This court lacks jurisdiction in this action to tell state court officials how to rule or whom to prosecute.[3]

_____

[3]As explained to the plaintiff multiple times, he may challenge his conviction in a *habeas* proceeding, but not through the use of a civil action under § 1983.   (*See* doc. 2; doc. 16 at 12 n. 9)

The plaintiff next asserts that he was criminally prosecuted for what was really a contract dispute that should have been brought as a civil action, and that his 99-year sentence is proof that he was maliciously prosecuted. (Doc. 17 at 6-9). However, a claim of malicious prosecution does not accrue until the criminal proceedings have been favorably terminated in the plaintiff's favor, which has not occurred here. *See Wood v. Kessler,* 323 F.3d 872, 882 (11th Cir. 2003). Whether or not the state-court criminal action was wrongfully instituted is not a question this court may consider. The Alabama appellate courts provide the plaintiff with the opportunity to raise just such a claim. Until the plaintiff pursues and prevails on the merits of the state court action against him, this court may not consider the merits of his malicious prosecution claim. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."); *Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (plaintiff's argument that defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims would necessarily imply the invalidity of his conviction.").

Along the same path, he argues that an arbitration clause in a contract between the alleged crime victim and plaintiff's employer should be binding to require

resolution of his dispute with the victim in arbitration, rather than through a criminal prosecution. A contractual arbitration provision simply does not have any effect on a state's decision whether to criminally prosecute someone for actions related to the subject of the contract. While it may limit civil remedies, it has no limitation on criminal prosecutions.

Finally, the plaintiff suggests that this court should exercise its jurisdiction under Article I, Section 10 of the United States Constitution, and move the state-court criminal action to this court. (Doc. 17 at 10). Article I of the Constitution sets forth the powers and limitations of the U.S. Congress. It does not provide any authority for this court to exercise jurisdiction over a state-court criminal action. Federal courts have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) (Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231); *see also Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). The opposite also holds true—federal courts lack jurisdiction over a criminal case where the crime is not within Title 18 of the United States Code or another statute defining federal crimes. *See e.g., U.S. v. Gonzalez*, 311 F.3d 440, 442 (1st Cir. 2002). This court lacks authority to simply exert jurisdiction over a state court prosecution.

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation and the plaintiff's objections, the plaintiff's objections are **OVERRULED.** The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

The court will enter a separate Final Order.

DONE and ORDERED this 31st day of August, 2017.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE